(C. D. 104)

Merry Bean Co. *v.* United States

United States Customs Court, Second Division

(Decided February 21, 1939)

*Lawrence & Tuttle* (*Charles F. Lawrence* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of San Francisco, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation consisting of leather straps fitted with metal buckles. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 30 per centum ad valorem under paragraph 371 of said act as parts of bicycles.

A sample of the imported articles was admitted in evidence as Exhibit 1. The plaintiff offered the testimony of a single witness, no evidence having been introduced by the Government.

The witness, Paul M. Porter, secretary of the plaintiff corporation, testified that the merchandise invoiced herein in French as "1,440 paires de courroies," represented by Exhibit 1, consisted of pedal straps; that they were used in connection with 1,440 other articles which came over in the same shipment and which were assessed with duty at the rate of 30 per centum ad valorem under said paragraph 371 as parts of bicycles, a sample of the latter being admitted in evidence as Illustrative Exhibit A; that his company deals in bicycle supplies; that he was familiar with the use of merchandise similar to Exhibit 1; that it was used in connection with Illustrative Exhibit A by being attached to the pedal of the bicycle to serve as a brake; that it was used on racing bicycles which are not fitted with brakes; and that its use for such purpose was essential on racing bicycles.

On cross-examination he testified that he always sold an article like Exhibit 1 with a bicycle without a brake; that a bicycle without a brake is considered a racing bicycle and an article like Exhibit 1 is standard equipment for such a bicycle; that the purpose of having Exhibit 1 instead of the usual brake on a racing bicycle is the saving of weight; and that that is the only purpose for which articles like Exhibit 1 are sold.

On redirect examination he testified that Exhibit 1 was designed for the express purpose of serving as a substitute for a brake on a racing bicycle and was of standard size; and that an arrangement like Exhibit 1, together with Illustrative Exhibit A, was part of the essential equipment of racing bicycles.

Upon this record counsel for the Government, in his brief filed herein, contends that the plaintiff has failed to sustain the burden of proving the classification of the collector to be erroneous; and in support of that contention cites the decisions in United States v. Kalter Mercantile Co. et al., 11 Ct. Cust. Appls. 540, T. D. 39680, and United States v. John Wanamaker, 20 C. C. P. A. 367, T. D. 46132. We have examined both of these cases and in our opinion they have no appli-

cation to the present merchandise. In neither of the said cases were the *imported* articles essential to the proper functioning of the articles of which they were claimed to be parts.

In the instant case it is uncontradicted that these straps were used exclusively in place of brakes on racing bicycles, and were part of the standard equipment of such bicycles. It is very significant that with the articles in question there came in the same shipment an equal number of metal bicycle pedals with which, according to the uncontradicted testimony, the brakes were always used. The fact that either the usual metal brakes or the imported straps could be interchangeably used for the same purpose, to wit, acting as a brake, is immaterial. *Steel, Inc.* v. *United States*, 24 C. C. P. A. 423, T. D. 48872.

On the established facts, and the law applicable thereto, we hold said imported straps to be properly dutiable at the rate of 30 per centum ad valorem under paragraph 371 of the Tariff Act of 1930 as parts of bicycles, as alleged by the plaintiff. That claim is therefore sustained, but as to all other merchandise claims are overruled. Judgment will be rendered accordingly.